UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

VICTORIA TORRES,

                                                Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                                                Defendant.

_____

DECISION AND ORDER

17-CV-6514L

Plaintiff, proceeding *pro se*, appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On April 4, 2014, plaintiff, then seventeen years old, filed an application for supplemental security income and child's insurance, alleging an inability to work since birth (June 19, 1996). (Administrative Transcript, Dkt. #8 at 63).[1] Her applications were initially denied. Plaintiff requested a hearing, which was held on February 9, 2016 via videoconference before Administrative Law Judge ("ALJ") Ramon Suris-Fernandez. Plaintiff testified at the hearing, at which she was represented by counsel. The ALJ issued a decision on February 18, 2016, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #8 at 63-81). That decision became the final decision of the Commissioner when the Appeals Council denied review

---

1 Note that the Administrative Transcript portions cited herein are identified using the internal Bates-stamped pagination utilized by the parties.

on May 26, 2017. (Dkt. #8 at 1-3). Plaintiff now appeals from that decision. The Commissioner has moved (Dkt. #11) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). That motion is unopposed. For the reasons set forth below, the Commissioner's motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

**DISCUSSION**

Where a claimant is a child, a particularized, three-step sequential analysis is used to determine whether she is disabled. If the ALJ determines that the child is not engaged in substantial gainful activity, and has an impairment or combination of impairments that is severe, then the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment. In making this assessment, the ALJ must measure the child's limitations in six areas: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself or herself; and (6) health and physical well-being. Medically determinable impairments will be found to equal a listed impairment where they result in "marked" limitations in *two or more* domains of functioning, or an "extreme" limitation in one or more. 20 CFR §§416.926a(a), (d) (emphasis added).

Determination of whether a claimant over the age of eighteen is disabled within the meaning of the Social Security Act involves a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520.

Under either standard, the Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

Because the period examined by the ALJ began at plaintiff's birth and continued until after her eighteenth birthday, the ALJ assessed her claim of disability twice, first applying the three-step analysis for claims by minors, and then applying the five-step analysis for adults.

The ALJ's decision exhaustively summarizes plaintiff's records relative to a learning disorder, which he concluded was a severe impairment not meeting or equaling a listed impairment.

Upon consideration of plaintiff's claim as a minor, the ALJ found that plaintiff's impairment did not meet the requirements of any listed impairment, and that prior to attaining age eighteen, she had: (1) marked limitations in the ability to acquire and use information; (2) less than marked limitations in attending and completing tasks; (3) less than marked limitations in interacting and relating with others; (4) no limitations in moving about and manipulating objects; no limitations in caring for herself; and (5) no limitations in health and physical well-being. (Dkt. #8 at 72-77).

The ALJ's discussion and findings are well-supported by the record, including plaintiff's academic records and standardized test scores, as well as opinions by plaintiff's secondary level history teacher (Dkt. #8 at 300-07, name of teacher not specified), consulting psychiatric examiner Dr. Adam Brownfeld (Dkt. #8 at 295-98), and state agency mental consultant Dr. K. Prowda (Dkt. #8 at 39-46). Although the Commissioner's motion to dismiss the complaint is unopposed and plaintiff's complaint raises no arguments concerning the decision appealed-from, the Court has examined the ALJ's findings relative to plaintiff's limitations, and finds that they are supported by

3

substantial evidence of record, as identified by the ALJ in his decision, and are not the product of legal error.

Specifically, the ALJ's findings for each of the six functional domains are consistent with the evidence of record, including but not limited to the reports of plaintiff's teacher, Dr. Brownfield, and Dr. Prowda, on which the ALJ relied. Indeed, there is no appreciable evidence of record that suggests that plaintiff has an "extreme" limitation in any functional area, or that she has a "marked" limitation in any area except for acquiring and using information. Plaintiff's teacher's report, for example, assessed "obvious" problems in nine out of ten categories for that domain (with "obvious" being the middle rating, and no categories being rated as "serious" or "very serious"). (Dkt. #8 at 301).

In contrast, the teacher assessed no appreciable difficulties in the other five domains. With respect to attention and concentration, the teacher rated only one of the thirteen categories as presenting an "obvious" problem: all other categories were rated as "no problem" or a "slight" problem. (Dkt. #8 at 302). The teacher noted no problems whatsoever in the domains of moving about and manipulating objects and interacting with others. (Dkt. #8 at 303-04). In caring for oneself, the teacher again identified an "obvious" problem in just one out of ten categories for the domain: the remainder were assessed as "no problem" or a "slight" problem. (Dkt. #8 at 305).

Because the evidence of record established marked difficulties in only one of the six domains, the ALJ's determination that plaintiff was not disabled prior to the age of 18 was not erroneous.

Turning to the ALJ's analysis of plaintiff's adult disability claim, the ALJ determined that plaintiff's learning disability continued to be a severe impairment, not meeting or equaling a listed impairment. The ALJ determined that plaintiff had the residual functional capacity ("RFC") to

perform a full range of work at all exertional levels with the following nonexertional limitations: plaintiff may perform only simple, routine tasks with short, simple instructions. (Dkt. #8 at 79-80). Because this limitation does not erode the occupational base of unskilled work at all levels, the ALJ applied the Medical-Vocational Guidelines to find plaintiff "not disabled."

In support of his findings, the ALJ noted that plaintiff's most recent Individualized Education Plan ("IEP") indicated that plaintiff was attending a number of regular education classes and attempting to graduate from high school (having failed to do so the previous year), and had been judged by her vocational rehabilitation counselor to be capable of attending community-based vocational assessments in a supported setting. (Dkt. #8 at 79, 216-18). The Court notes that the ALJ's RFC finding is further supported by the opinion of consulting psychologist Dr. Brownfeld, who found that plaintiff was unlimited in following and understanding simple directions and instructions, performing simple tasks independently, relating adequately with others, and appropriately dealing with stress. According to Dr. Brownfeld, plaintiff's only "marked" limitation related to performing complex tasks independently. (Dkt. #8 at 297). The ALJ explicitly incorporated Dr. Brownfeld's assessment into his RFC finding by limiting plaintiff to simple, routine tasks with short, simple instructions.

On balance, I believe the evidence supports the ALJ's findings concerning the nature and extent of plaintiff's nonexertional limitations, that his RFC determination which limits plaintiff to simple tasks with simple instructions is supported by substantial evidence as identified and discussed in his decision, and that his finding that the plaintiff has not been under a disability since turning eighteen was not the product of any legal error. I find no reason to disturb it.

**CONCLUSION**

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not based on legal error. The Commissioner's unopposed motion for judgment on the pleadings (Dkt. #11) is granted, the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety, and the complaint is dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 4, 2018.